### SMITH vs. WILSON.

APPEAL FROM THE COURT OF THE THIRD DISTRICT,
THE JUDGE THEREOF RRESIDING.

The Court of Probates has exclusive jurisdiction to decide on claims for
money which are brought against successions administered by testamentary
executors.

The parties, the cause of action, the pleadings, and the
facts of this cause, are the same with the preceding one,
except that the former suit commenced by attachment, and,
in this, the defendant was held to bail; and that in this, the ex-
ception *pendentes lites*, was added to the defendant's plea to
the jurisdiction.   The court below sustained the exception
and the plaintiff appealed.

*Pierce*, for appellant.   *Downs*, for appellee.

*Martin, J.*, delivered the opinion of the court.

The defendant sued for a debt of his testator, pleaded to
the jurisdiction of the court, and averred he was suable in
the Court of Probates only.   His plea was sustained, and
the plaintiff appealed.

His counsel has referred us to the Code of Practice, 122,
126, 144, 334, 983, 925.   We have vainly sought there, any
thing in support of his case.   The last article quoted, ex-
pressly recognises the exclusive jurisdiction of Courts of
Probates, to decide on claims for money, which are brought

The Court of
Probates has ex-
clusive jurisdiction
to decide on claims
for money which
are brought against
successions admin-
istered by testa-
mentory executors

F 2

Eastern District,
*March* 1831.

SMITH
*vs.*
WILSON.

against successions administered by testamentary executors. *N.* 13.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.